Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

E. LEONARD CHEATUM, Respondent, v. LOUIS A. WEHLE, Appellant.—

Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in part and dissents in part, in the following memorandum: As to the reduction of compensatory damages, I acquiesce in the decision of the majority, dubitante on the question of excessiveness. As to the punitive damages, the only basis for the reduction is excessiveness. Concededly the amount is high but so was the position occupied by the defendant and appointed thereto by the Governor of this State. The theory and purpose of punitive damages are such that we cannot, under the present circumstances, mandate that the amount awarded was excessive as a matter of law. That such is the rule was most recently enunciated by the Court of Appeals in *Toomey* v. *Farley* (2 N Y 2d 71, mod. on other grounds) where the defendant as to punitive damages argued that the amount, after being reduced by the Appellate Division, was excessive and unauthorized in law based upon the theory that the award of punitive damages was insupportable as the jury, by awarding nominal compensatory damages, determined the plaintiff suffered no actual damage. The court said at pages 83–84: "'The doctrine advanced by the defendants would nullify one of the underlying objectives of punitive damages and has consistently been rejected by New York and federal authorities, although recognized in a few states. * * * Punitive or exemplary damages are intended to act as a deterrent upon the libelor so that he will not repeat the offense, and to serve as a warning to others. They are intended as punishment for gross misbehavior for the good of the public and have been referred to as "a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine." *Punitive damages are allowed on the ground of public policy and not because the plaintiff has suffered any monetary damages* for which he is entitled to reimbursement; the award goes to him simply because it is assessed in his particular suit. *The damages may be considered expressive of the community attitude towards one who wilfully and wantonly causes hurt* or injury to another.' (*Reynolds* v. *Pegler*, 123 F. Supp. 36, 38, affd. 223 F. 2d 429, cert. denied 350 U. S. 846.) To those views we subscribe. The question of the amount of compensatory and/or punitive damages to be awarded was a matter for the jury. There is nothing in the record to lead us to conclude that in resolving that issue they were motivated by passion or prejudice and we cannot say that the amount of damages awarded the plaintiffs does not have support in the record or is excessive as a matter of law."

(Emphasis supplied.) Here, the jury, as members of its respective community, saw, heard and appraised the testimony of all of the witnesses and upon the completion of the trial, after a proper charge, returned the verdicts herein and an experienced Trial Justice was satisfied the verdicts were fair and proper and denied the various motions made by the defendant, including excessiveness. Under such circumstances and considering the predicate for punitive damages, it is not our compelling duty to say that the amount awarded herein was excessive as a matter of law. Accordingly, I vote to affirm as to punitive damages.